**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL TAYLOR and MARY C. FOX,**

        **Plaintiffs,**

-vs-                                            **Case No. 6:07-cv-236-Orl-31KRS**

**LEE M. SPAZIANO, HONORABLE**
**CYNTHIA Z. MACKINNON, and**
**ROBERT N. LERNER,**

        **Defendants.**

## ORDER

This matter comes before the Court on the motions to dismiss filed by Defendants Lee M. Spaziano ("Spaziano") (Doc. 13), Cynthia MacKinnon ("MacKinnon") (Doc. 8), and Robert N. Lerner ("Lerner") (Doc. 11). The Court has also considered the responses (Doc. 17-19[1]) filed by the Plaintiffs, Michael Taylor and Mary C. Fox.

The Plaintiffs are representing themselves *pro se*. As best the Court can tell from the allegations in their complaint (Doc. 1), the instant case arises from a contentious real estate transaction. The Plaintiffs have sued the seller, Spaziano, in state court. Judge MacKinnon is presiding over the suit,[2] and Defendant Lerner is representing Spaziano in the case. Both in the state suit and here, Taylor and Fox contend that Spaziano cheated them out of their escrow funds

---

[1] Docket entries 18 and 19 have different titles on the docket but appear to be identical documents.

[2] The Plaintiffs claim to be suing Judge MacKinnon in her individual capacity, but all of the allegations involve actions taken in her official capacity.

by, among other things, misrepresenting the condition of the property in a classified ad, and refused to allow them to rescind the deal. The Plaintiffs accuse Judge MacKinnon of failing to require Spaziano to abide by the deadlines and other requirements of the Florida Rules of Civil Procedure. The allegations against Lerner are not clear, but appear to consist of failing to file a required notice of appearance and filing motions for deadline extensions, which Judge MacKinnon granted. The Plaintiffs allege that the Defendants (in various combinations) committed fraud, false advertising, violated their rights under the First, Fifth, Eleventh and Fourteenth Amendments, and violated the Truth in Lending Act.[3]

## II.     Standards

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[3] The Plaintiffs also accuse Defendants MacKinnon and Lerner of violating 4 U.S.C. § 101, which requires that state legislators and state executive and judicial officers take an oath to uphold the United States Constitution. However, the statute does not provide a private right of action against anyone who failed to take the oath or violated it after taking it. *See id.*

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed.R.Civ.P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### III.   Analysis

Although they have filed three responses to the motions to dismiss, the Plaintiffs have failed to respond to the substantive legal arguments raised by the Defendants in those motions. Instead, they have reiterated what they believe to be the facts underlying this dispute and sought leave to amend their complaint to provide further evidentiary support.

As to Defendants MacKinnon and Lerner, the Plaintiffs have alleged, at worst, nothing more than violations of the Florida Rules of Civil Procedure. Even if one includes the implied allegation that one of them back-dated the "received" date on Lerner's motion for an extension of time, there are no facts alleged as to these Defendants that could conceivably constitute fraud, a violation of the Plaintiffs' constitutional rights, or the Truth in Lending Act. There are no facts

alleged from which one could conclude that Lerner was acting under color of law for purposes of Section 1983.  And in her motion to dismiss, Judge MacKinnon has raised claims of judicial immunity, Eleventh Amendment immunity, and qualified immunity under Section 1983 to which the Plaintiffs have failed to respond.

As to Defendant Spaziano, the worst that is alleged is that he cheated the Plaintiffs in a real estate transaction.[4]  There are no facts alleged that could conceivably constitute a violation by Spaziano of the Plaintiffs' constitutional rights.  And while the Truth in Lending Act does provide a three day right of rescission under some circumstances, there are no facts alleged that show that the act applied to this transaction or to Spaziano. Moreover, the complaint in the state court action shows that the fraud and Truth in Lending Act claims against Spaziano are already pending there. *See* Doc. 13-2.  Absent compelling circumstances – and none are alleged here – the court first seized of a dispute should be the one to decide it.  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

In addition, as the Defendants have pointed out, the complaint falls short on a number of other grounds.  It is a prototypical "shotgun pleading," a rambling recitation full of factual allegations that could not possibly be material to any of the causes of action they assert.  *See Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991).  It does not satisfy Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the claim showing that the Plaintiffs are entitled to relief, or Federal Rule of Civil Procedure 10(b), which requires that the

---

[4]The Court notes that the Plaintiffs have alleged that Defendant Spaziano has failed to comply with the interested persons order of February 21, 2007.  This is incorrect.  Spaziano's deadline for filing his certificate of interested persons and corporate disclosure statement is April 9, 2007.  *See* Doc. 14.  Even if he had, it would not affect resolution of the instant motion.

complaint's numbered paragraphs "be limited as far as practicable to a single set of circumstances." Each of these shortcomings is an independent basis for dismissal of the complaint.

In consideration of the foregoing it is hereby **ORDERED AND ADJUDGED** that the motions to dismiss filed by Defendants Lee M. Spaziano (Doc. 13), Cynthia MacKinnon (Doc. 8), and Robert N. Lerner (Doc. 11) are **GRANTED**, as follows:

1. All claims against Defendant MacKinnon are **DISMISSED WITH PREJUDICE**;

2. Counts I, II, and V are **DISMISSED WITHOUT PREJUDICE**;

3. Count IV is **DISMISSED WITHOUT LEAVE TO AMEND** because no such cause of action exists; and

4. Counts III and VI are **DISMISSED WITHOUT LEAVE TO AMEND** because they are already pending in the state court suit.

If the Plaintiffs desire to file an amended complaint to satisfy the deficiencies identified above, they may do so on or before April 15, 2007. However, if they choose to do so, the Plaintiffs must comply with Rule 8(a) and Rule 10(b), must not include any claims against Judge MacKinnon, and must not raise the claims that have been dismissed without leave to amend.

Failure to follow these requirements may result in sanctions including but not limited to dismissal with prejudice.

In addition, the Plaintiffs' currently pending motion for leave to amend (Doc. 18) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2007.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party